UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JOSE INDACOCHEA,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>SHAWN HATTON, Warden,<br><br>　　　　　　Respondent. | No. ED CV 17-01305-CJC (DFM)<br><br>ORDER TO SHOW CAUSE |

On June 29, 2017, Jose Indacochea ("Petitioner") constructively filed pro se a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging his conviction after he pleaded nolo contendere to second-degree murder with an deadly or dangerous weapon enhancement in Riverside County Superior Court. Dkt. 1 ("Petition") at 2.[1] The Petition appears to raise

---

[1] Under the "mailbox rule," a pro se prisoner's habeas petition is constructively filed when she gives it to prison authorities for mailing to the court clerk. Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014); see also Houston v. Lack, 487 U.S. 266, 276 (1988). Under this rule, a court generally deems a habeas petition filed on the day it is signed, Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010), because it assumes that the

a single claim that California's second-degree murder statute is unconstitutionally vague. Id. at 19-22.[2]

For the reasons discussed below, it appears that the Petition is untimely by more than two years. Petitioner is therefore ordered to show cause in writing by August 4, 2017, why the Petition should not be dismissed with prejudice as time barred.

### A. State-Court Proceedings

According to the Petition, Petitioner pleaded nolo contendere on November 8, 2013, to charges of second degree murder with an enhancement for use of a deadly or dangerous weapon. Petition at 2. That same day, he was sentenced to 15 years to life in state prison. Id. Petitioner indicates that he did not file an appeal, a fact confirmed by the California Appellate Courts Case Information website. See id.; Appellate Cts. Case Information, http://appellatecases. courtinfo.ca.gov/search.cfm?dist=42 (search for case no. RIF1201137).

On April 3, 2017, Petitioner filed a habeas petition in the California Court of Appeal, raising the claim presented here. Petition at 2-3; Appellate Cts. Case Information, http://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search for case no. S241027). On June 14, 2017, the California Supreme Court denied the petition without comment. Petition at 3, 34.

### B. The Petition Is Facially Untimely

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ

---

petitioner turned the petition over to prison authorities for mailing that day, see Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam) (as amended).

[2] Citations to the Petition and its attachments use the pagination provided by CM/ECF.

of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

According to the Petition, Petitioner was sentenced on November 8, 2013. Petition at 2. Because he did not appeal, see id., his conviction and sentence became final 60 days later, on January 7, 2014. See Stancle v. Clay, 692 F.3d 948, 951 (9th Cir. 2012); Cal. R. Ct. 8.308(a) (notice of appeal must be filed within 60 days of judgment). Under § 2244(d)(1)(A), therefore, the AEDPA limitation period expired one year later, on January 7, 2015. See Patterson v. Stewart, 251 F.3d 1243, 1246-47 (9th Cir. 2001). Petitioner did not constructively file the Petition until June 29, 2017, more than two years after the limitation period expired.

## C. Later Trigger Date

Petitioner suggests that a later accrual date under 28 U.S.C. § 2244(d)(1)(C) should apply based on the United States Supreme Court's decision in Johnson v. United States, --- U.S. ---, 135 S. Ct. 2551 (2015). Petition at 25-26. In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act's ("ACCA")[3] definition of "violent felony" (i.e., any felony that "involves conduct that presents a serious potential risk of physical injury to another") violated the Due Process Clause because it was unconstitutionally vague. 135 S. Ct. at 2555-56, 2563 (citing 18 U.S.C. § 924 (e)(2)(b)). Specifically, the Court found that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to

---

[3] The ACCA prohibits any felon from possessing a firearm, and provides an enhanced punishment for persons convicted of possession who have three or more prior convictions for a "serious drug offense" or a "violent felony." See 18 U.S.C. § 924(e)(1).

3

defendants and invites arbitrary enforcement by judges." Id. at 2557. Subsequently, the Supreme Court clarified that "Johnson announced a substantive rule that has retroactive effect in cases on collateral review." Welch v. United States, --- U.S. ---, 136 S. Ct. 1257, 1268 (2016).

Here, Petitioner claims that California's second-degree murder statute contains a similar residual clause and is therefore likewise void-for-vagueness. Petition at 27. Thus, Petitioner challenges: (1) a state statute; that (2) does not discuss any sentencing enhancements; and (3) does not require a "wide-ranging inquiry" into whether Petitioner's crimes posed any "serious potential risk of physical injury to another," see Johnson, 135 S. Ct. at 2557. Therefore, because Petitioner was not sentenced under ACCA's "residual clause," or even any similar state law equivalent, Johnson created no new due process right applicable to Petitioner and the limitations period prescribed in 28 U.S.C. § 2244(d)(1)(C) does not apply. See Miller v. Paramo, No. 16-2128, 2017 WL 1100454, at *3 (C.D. Cal. Feb. 10, 2017) (finding that petitioner was not entitled to later accrual date under § 2244(d)(1)(C) for claim that second-degree murder conviction under California law was unconstitutionally vague under Johnson); Johnson v. Fox, No. 16-9245, 2016 WL 8738264, at *2-3 (C.D. Cal. Dec. 20, 2016) (same).

### D. **Statutory Tolling**

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2). Petitioner did not file a state habeas petition until 2017, long after the limitation period expired. Petition at 2-3; Appellate Cts. Case Information, http://appellatecases.courtinfo.ca.gov/search.cfm?dist =0 (search for case no. S241027). He therefore is not entitled to statutory tolling. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.

4

2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

E. **Equitable Tolling**

Federal habeas petitions are subject to equitable tolling of the one-year limitation period in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, the petitioner must show both "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way" and prevented her timely filing. Id. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "The petitioner must show that 'the extraordinary circumstances were the cause of [her] untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)). "'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted, alteration in original). Equitable tolling will therefore be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); see also Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (2009) ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in [her] way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'" (citation omitted, alteration in original)). The petitioner bears the burden of demonstrating that AEDPA's limitation period should be equitably tolled. See Pace, 544 U.S. at 418.

Petitioner does not contend that any extraordinary circumstance prevented him from filing a timely federal petition, nor does he allege any facts

5

showing that he was reasonably diligent in pursuing her rights. As such, it does not appear that Petitioner is entitled to any equitable tolling.

**F.  Conclusion**

A district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of a petition, and it may summarily dismiss the petition on that ground under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, as long as the court gives the petitioner adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that on or before August 4, 2017, Petitioner show cause in writing why the Court should not dismiss this action with prejudice because it is untimely. If Petitioner intends to rely on the equitable-tolling doctrine, he will need to include with his response to this Order to Show Cause a declaration under penalty of perjury stating facts showing that (1) he has been pursuing her rights diligently and (2) "some extraordinary circumstance stood in his way." He may submit any other evidence he deems appropriate to support his claim for tolling.

Petitioner is expressly warned that his failure to timely respond to this Order may result in his Petition being dismissed for the reasons stated above and for failure to prosecute.

Dated: July 10, 2017

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge